No 7297.

# 7297

STATE OF LOUISIANA

MICHAEL J. KELLY

COURT OF APPEAL

VS

ALBERT WORMAN.

PARISH OF ORLEANS.

# OPINION.

St. Paul, Judge.

This is an action upon a promissory note for $700 executed by defendant on October 20th, 1914, and payable in six months. Plaintiff acquired it on January 7th, 1915 from the first holder, who had obtained it from defendant without consideration and by false pretenses.

The defense set up is the aforesaid defective title of the first holder and a denial "that plaintiff is the holder and owner, for value, before before maturity, of said note." But this defense was broadened by the admission of a line of evidence intended to show that plaintiff acquired under circumstances sufficiently unusual to warrant the belief that he had knowledge of some defect in his author's title.

The alleged unusual circumstances are as follows;

1. That plaintiff took the note from a comparitive stranger, and without ever before having seen defendant's signature.

2. That the note was represented as having been given for the purchase price of certain stock which upon inquiry would have been found to be worthless.

3. That plaintiff did not pay a fair price for the note.

Now, of course, any one of these circumstances alone would not suffice to invalidate plaintiffs title to the note; but together they make out such a prima facie case of knowledge on plaintiffs part, that the burden of proof is entirely upon him to rebut it; and this has not been done.

The evidence shows that plaintiff had never at any time seen defendants signature; that he had seen the party from whom he purchased the note only a few times before, and knew nothing whatever about him.

It further shows that the corporation whose stock was supposed to have been purchased, had ceased to do business more than two years before the date of the note; and the stock certificate, supposed to have been pledged with the note, shows on its face that the purported transfer thereof to plaintiff took place only on November 2nd, 1914, or nearly two# weeks after the note had been given. And again it shows

that plaintiff was informed that the $700 note did not represent the whole alleged price of the stock, but that another note for $300, part of said price, was held by a close relative of his; yet he did not stop to enquire of that party how the whole security came to be attached to the $700 note; in fact he made no inquiry whatever into the matter.

Lastly plaintiff claims to have paid $500 for the note; but he produces only a check for $100, and says that the other $400 were paid in cash. Of course as to this last statement he cannot be contradicted, and the question resolves itself into this; whether we are ready to believe his uncorroborated and interested statement, that he paid out this amount of money under the circumstances above mentioned.

The trial judge evidently did not believe that plaintiff had paid for the note as much as he claimed, or that plaintiff was wholly without knowledge of the defect in his authors title; and after reading the testimony and weighing all the circumstances we cannot reach the conclusion that he erred. We must therefore affirm the judgment.

Judgment Affirmed.